**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Ray-Mercier,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-08238-PCT-DJH<br><br>**ORDER** |

Plaintiff, as the substitute party in a Title II disability benefits claim filed pursuant to the Social Security Act ("the Act"), challenges the denial of the claimant's application for disability insurance benefits by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant").[1] Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 17, Pl. Br.), Defendant's Answering Brief (Doc. 20, Def. Br.), and Plaintiff's Reply (Doc. 21, Reply). Having reviewed the briefs and Administrative Record (Doc. 14, AR.), the Court now reverses the Administrative Law Judge's ("ALJ") decision and remands for the payment of benefits.

---

[1] The claimant, Sharon L. Ray, passed away on November 25, 2020. (AR. at 2467.) Her daughter, Rachel Ray-Mercier, was substituted as party to her claims in December 2020. (AR. at 932.) Because the Plaintiff was not an appropriate substitute party for the claimant's Title XVI claim, the ALJ dismissed this claim at the April 2021 hearing. (AR. at 747.) The claimant's insured status for Title II purposes expired December 31, 2016, so Plaintiff must establish the claimant became disabled on or before that date. *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

## I. THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. *E.g.*, 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. § 404.1520(a)(4)(i). If the claimant is engaged in substantial, gainful work, she is not disabled. *Id*. If she is not engaged in such work, the analysis proceeds. *See id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If the claimant does not, she is not disabled. *Id*. If she does, the analysis proceeds to step three. *See id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where she determines whether the claimant is still capable of performing her past relevant work. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. *Id*. If she cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on her RFC, age, education, and work experience. § 404.1520(a)(4)(v). If the claimant cannot, she is disabled. *Id.* For Title II disability claims, the claimant must establish disability before her insured status ends. *Wellington*, 878 F.3d at 872.

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). In determining whether substantial evidence supports a decision, the court "must consider the entire record as a

whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotations and citations omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## II.  PROCEDURAL HISTORY

On June 2, 2015, the claimant filed concurrent applications for disability benefits under Titles II and XVI of the Act, alleging disability beginning November 22, 2012. (AR. at 195-207.) The Social Security Administration ("SSA") denied these claims at the initial and reconsideration levels of administrative review (AR. at 107-114, 123-130), and the claimant timely requested a hearing before an ALJ (AR. at 131-32). On December 6, 2017, ALJ Kelly Walls conducted a hearing at which the claimant and a vocational expert ("VE") testified. (AR. at 38-66.) ALJ Walls issued an unfavorable decision on February 28, 2018 (AR. at 17-31), and claimant appealed to the Social Security Appeals Council ("AC") on March 1, 2018. (AR. at 192-93.) The AC denied review on November 5, 2018 (AR. at 1-5), and the claimant filed a civil action in the United States District Court for the District of Arizona on November 28, 2018. (AR. at 810-15.)

On March 4, 2020, the Honorable Douglas L. Rayes of the U.S. District Court reversed the Commissioner's unfavorable decision and remanded for further proceedings. (AR. at 816-18.) The Court found "the record was inadequately developed as to [the claimant's] physical impairments of cervical spondylosis and osteoarthritis of the right shoulder." (AR. at 817.) By rejecting all of the medical opinions of record, including the claimant's treating physician, the Court also reasoned the ALJ had "substitute[d] her lay interpretation of the objective evidence for that of [the claimant's] treating physician without any support from other medical opinions in the record[,]" which was error. (AR. at 817.) The Court also noted the ALJ's duty to develop the record as to the claimant's treating providers, if she needed to understand the basis for their opinions, by making an appropriate inquiry. (AR. at 818.) For those reasons, the Court remanded for additional

proceedings. (AR. at 817-18.)

On May 14, 2020, the AC remanded these claims back to the ALJ with instructions to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a decision." (AR. at 822.) On November 25, 2020, the claimant passed away (AR. at 2467); shortly after, the Plaintiff here was substituted in (AR. at 932). On January 7, 2021, ALJ Walls notified Plaintiff she had obtained additional evidence (AR. at 1126-27) in the form of interrogatory responses from medical expert Daniel Picard, M.D. (AR. at 2441-65.)

In his written responses, Dr. Picard opined the claimant had medical impairments confirmed by objective findings (AR. at 2457) which "may lead to difficulty and limitation of lifting, carrying, reaching, squatting, crawling, climbing, pushing, pulling, or prolonged walking." (AR. at 2459.) Dr. Picard concluded the claimant could lift or carry less than five pounds per the September 2020 opinion of the claimant's treating providers, Dr. Charles Welly and PA Nathan Welly (AR. at 2460), and that claimant's diagnoses "may limit prolonged walking[,]" citing her need to use a CAM boot after a foot and ankle injury. (AR. at 2461.) He opined the claimant may have difficulty operating foot controls; and that she could never climb ramps, stairs, ladders, or scaffolds; never balance, stoop, or crawl; and only occasionally kneel or crouch. (AR. at 2463.) He further opined it may be unsafe for her to be exposed to unprotected heights or moving mechanical parts; that vibration may worsen her symptoms; and that operating a motor vehicle could be unsafe. (AR. at 2464.)

ALJ Walls held a hearing on remand on April 13, 2021, where she and Plaintiff's counsel discussed the need for a supplemental hearing with a testifying medical expert.[2] (AR. at 747-48.) ALJ Walls explained that, because the Plaintiff here was not an eligible

---

[2] At this hearing, the ALJ described Dr. Picard's opinion as "deficient" in that the little evidence he cited post-dated the claimant's date last insured, and that he primarily relied upon the opinion of Dr. Welly with scant explanation. (AR. at 747.) Plaintiff's counsel believed the record was sufficient, but "recogniz[ed] [the ALJ's] concern[,]" and stated he would not object. (AR. at 748.) The ALJ and Plaintiff's counsel agreed an orthopedic doctor would be appropriate to testify, but the ALJ gave Plaintiff the opportunity to contact Dr. Welly if she was inclined. (AR. at 748.)

- 4 -

substitute party for the claimant's Title XVI claim, that claim would be dismissed, and disability would need to be established prior to the claimant's date last insured of December 31, 2016. (AR. at 747.)

On June 22, 2021, the ALJ conducted a supplemental hearing on remand at which a VE and medical expert Jeff Hansen, M.D. testified. (AR. at 758-80.) Dr. Hansen opined Plaintiff would be limited to using her hands 50% of the day, at most, due to chronic neck and shoulder pain; standing and walking in 30-minute intervals for a total of two hours; sitting for four hours in a day; occasionally bending or stooping; rarely kneeling and never crawling; occasionally operating foot controls; never climbing ladders, ropes, or scaffolds; never being exposed to unprotected heights, moving machinery, cold, and vibration; occasionally reaching overhead with the left arm, never on the right; frequently reaching in other directions on the left; frequently handling, fingering, and feeling with the left hand; and lifting weights no greater than five pounds. (AR. at 765-69). The ALJ then posed a hypothetical question to the VE incorporating many of these limitations but limiting the Plaintiff to six hours of sitting instead of four. (AR. at 776-77.) The VE testified the hypothetical individual could perform the claimant's past relevant work as a telephone solicitor. (AR. at 778.) The ALJ clarified with the VE that if limited to only four hours of sitting as Dr. Hansen testified, the individual could not perform any full-time work. (AR. at 778.)

On August 23, 2021, ALJ Walls issued a second unfavorable decision. (AR. at 720-41.) She found the claimant could perform sedentary work, with other restrictions, allowing her to return to past relevant work as a telephone solicitor during the relevant period. (AR. at 726, 731.) The ALJ concluded the claimant's testimony "was not entirely consistent with the medical evidence and other evidence in the record . . . [,]" and she assigned "little weight" to the opinion of the non-examining state agency consultant, Dr. Yosef Schwartz; "partial weight" to the opinions of the claimant's treating providers, Charles and Nathan Welly; and "little weight" to the opinions of doctors Picard and Hansen. (AR. at 727, 729-30.) On October 25, 2021, Plaintiff filed this civil action. (Doc. 1.)

## III. DISCUSSION

Plaintiff raises two issues on appeal: (1) whether the ALJ violated this Court's order by rejecting, with legally insufficient reasons, all the opinion evidence of record in favor of her lay opinion regarding the claimant's functionality; and (2) whether the ALJ erred by "failing to pose [to the VE] all limitations supported by the evidence of record" and relying upon "extra-record vocational evidence." (Pl. Br. at 4.) The Court finds the ALJ erred by citing insufficient reasons for rejecting the February 2016 opinion of Dr. Charles Welly and remands for the payment of benefits.

### A. Dr. Welly's February 2016 opinion

On February 9, 2016, Dr. Charles Welly, who treated the claimant throughout the relevant period with PA Nathan Welly (AR. at 361-448, 584-647, 699-716, 1143-1211), endorsed an assessment of the claimant's workplace limitations. (AR. at 456-58.) He noted claimant's shoulder arthropathy caused weakness and pain with restricted movement in the claimant's right arm, and that she had functional loss in the neck with "moderate" headaches leaving her unproductive anywhere from 17 to 32% of the day. (AR. at 456.) He estimated claimant could only lift objects up to five pounds, sit for two hours, and stand for two hours in an eight-hour day, and that she was 50% limited in reaching and fingering. (AR. at 457.) Dr. Welly opined Plaintiff would likely be absent from work more than four times per month due to her impairments or treatment. (AR. at 457.)

In her August 2021 decision, the ALJ assigned this opinion only "partial weight" reasoning "[t]here is no record evidence to support Dr. Welly's opinion that the claimant cannot sit for more than two hours at a time, can handle and finger only occasionally with both hands, and can never reach with both arms."[3] (AR. at 729.) The ALJ asserted the diagnostic testing of record supported the RFC she assigned, which limited Plaintiff to sedentary work with various postural, manipulative, and environmental limitations. (AR. at 729.) The ALJ assigned "some weight" to Dr. Welly's lifting, sitting, standing, and

---

[3] The Court notes the ALJ's description is partly inaccurate: Dr. Welly opined the claimant's ability to reach was limited by 50%, and while he limited the claimant to 50% fingering, he assigned no limitations in handling. (AR. at 457.)

manipulative limitations, "but not as specifically described by Dr. Welly." (AR. at 729.)

Plaintiff argues the ALJ did not cite legally sufficient reasons for rejecting Dr. Welly's opinion.[4] (Pl. Br. at 11-12.) Plaintiff notes the ALJ omitted citation to the "record evidence" belying Dr. Welly's conclusions and, that if the ALJ was uncertain about the basis for Dr. Welly's conclusions, it was her obligation to develop the evidentiary record consistent with this Court's prior order. (Pl. Br. at 11.) Citing *Embrey v. Bowen*, Plaintiff argues an ALJ cannot discredit a medical opinion as "generally contrary to the evidence of record." (Pl. Br. at 11, citing 849 F.2d 418, 421 (9th Cir. 1988)).

Defendant counters that the ALJ "incorporated by reference her discussion of the evidence that she already discussed relating to [claimant's] back, neck and shoulder impairments . . . ." (Def. Br. at 8.) Defendant asserts this Court must review the entire record and must uphold the ALJ's decision "if the agency's path may reasonably be discerned." (Def. Br. at 9). Defendant argues the ALJ incorporated some of Dr. Welly's limitations but rejected those that were not well-supported. (Def. Br. at 9.) Finally, regarding Plaintiff's argument the ALJ did not properly develop the record upon remand, Defendant, citing *Ford v. Saul*, argues the ALJ's duty to develop the record is triggered only when the evidence is inadequate or ambiguous (Def. Br. at 9, citing 950 F.3d 1141, 1156 (9th Cir. 2020)), and that while the ALJ has an obligation to develop the record, she has discretion to determine how the record will be developed. (Def. Br. at 9, citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999)).

1.   **Legal Standard**

For claims filed before March 27, 2017, "greater weight" is afforded to the opinions of treating physicians because they are "employed to cure and [have] a greater opportunity to know and observe the patient as an individual."[5] *Magallanes v. Bowen*, 881 F.2d 747,

---

[4] Plaintiff also argues the ALJ erred by rejecting the opinions of doctors Picard and Hansen (Pl. Br. at 12-16), but the Court need not reach their opinions for the reasons explained below.

[5] For claims filed on or after March 27, 2017, the "hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Plaintiff filed these claims in June 2015, so the regulations and caselaw recognizing the

751 (9th Cir. 1989) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987)). While these opinions are not "necessarily conclusive" in every case, the ALJ must cite "clear and convincing reasons" for rejecting them if they are uncontroverted in the record. *Id*. (citations omitted). When a treating physician's opinion is controverted, the ALJ still must cite "specific and legitimate reasons" supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995)).

Plaintiff argues the clear-and-convincing standard should apply here because no physician's opinion conflicts with Dr. Welly. (Pl. Br. at 11.) While non-examining state agency physicians earlier opined there was insufficient information to determine the claimant's functional capacity (AR. at 73), or that Plaintiff suffers from only non-severe physical impairments (AR. at 102), Plaintiff argues, citing *Popa v. Berryhill*, that a non-examining state agency physician's finding a claimant suffers no severe impairments does not necessarily conflict with a physician's opinion the claimant suffers work-related limitations, as the RFC determination must account for both severe and non-severe impairments. (Pl. Br. at 10, citing 872 F.3d 901, 906 (9th Cir. 2017)). Defendant responds that the opinions of the two non-examining physicians in question each contradict Dr. Welly's opinion of Plaintiff's disabling limitations. (Def. Br. at 6 n. 3.) Although Defendant does not respond to Plaintiff's reliance upon *Popa* (Def. Br. at 6 n. 3), the Court still finds Dr. Welly's February 2016 opinion is conflicted, as in another form signed by Dr. Welly and PA Welly, they limited the claimant to six hours of sitting in a day, which conflicts with Dr. Welly's earlier assessment.[6] (AR. at 1217.) As such, the ALJ here needed to provide specific, legitimate reasons supported by substantial evidence for rejecting this opinion. *Bray*, 554 F.3d at 1228.

**2.    Analysis**

---

hierarchy and affording more weight to the opinions of treating and examining physicians still applies. 20 C.F.R. § 404.1527(c).

[6] Dr. Hansen at the second remand hearing also testified Plaintiff could sit for four hours. (AR. at 767.)

Plaintiff's reliance upon *Embrey* is persuasive. The ALJ's conclusion "[t]here is no record evidence to support" Dr. Welly's assigned limitations is insufficient here. (AR. at 729.) As the Court reasoned in *Embrey*,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421–22 (footnote omitted). It is insufficient for the ALJ to "merely state[] that the objective factors point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects." *Id*. at 422. But this is what the ALJ did here.

The ALJ's only specific reference to objective evidence in her discussion of Dr. Welly's opinion was to an October 2014 cervical spine x-ray showing facet arthropathy in the cervical spine (AR. at 344) and February 2016 x-rays showing mild degenerative disease in the claimant's back and right shoulder. (AR. at 541-52.) But the mere fact of the claimant's mild degenerative disease on imaging is "inapposite" to Dr. Welly's conclusions Plaintiff suffers from disabling limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 675-77 (9th Cir. 2017) (finding the ALJ's reference to mild degenerative disease as shown on diagnostic imaging was "inapposite" to the treating doctor's conclusion the claimant suffered disabling limitations); *see Kelly v. Berryhill*, 732 F. App'x 558, 561 (9th Cir. 2018) (unpublished). Further, while the ALJ summarized the medical evidence at some length earlier in the decision, she did not apply that evidence in her discussion of Dr. Welly's assessment or in discussing her opinion that aspects of it are unsupported. (AR. at 729.) Under *Embrey*, this is erroneous. 849 F.2d at 421–22.

It is also erroneous to assert that "no record evidence" supports Dr. Welly's sitting, fingering, and reaching limitations: the ALJ herself identified diagnostic testing in the

record showing degenerative changes in the cervical and lumbar spine and right shoulder (AR. at 727-28, citing 344, 541-42), and clinical findings she cited include decreased range of motion or diffuse tenderness of the right shoulder. (AR. at 727-28 citing 364, 436, 512.) Dr. Jeff Hansen testified in detail at the second remand hearing that Plaintiff's right shoulder impairment was "pretty limiting" (AR. at 764-65) and "chronically painful" (AR. at 765). He noted that due to evidence of lumbar degenerative disc disease visible on an abdominal CT from February 2016, "there's objective evidence of a reason for [the claimant] to have low back pain." (AR. at 763.) He opined that the claimant would be limited to standing and walking for two hours in 30-minute intervals; sitting for four hours; occasional overhead reaching on the left (frequent in other directions); frequent handling, fingering, and feeling on the left; no overhead reaching on the right; and a lifting limitation to five pounds, among other limitations. (AR. at 767-70.) While the ALJ assigned this opinion "little weight" (AR. at 730), Dr. Hansen's opinion belies the ALJ's conclusion "[t]here is no record evidence to support Dr. Welly's opinion[.]" (AR. at 729.) Plaintiff also consistently reported neck or shoulder pain and exhibited decreased range of motion or tenderness to palpation during treatment visits throughout the relevant period. (AR. at 364, 368, 376-77, 381, 401, 420, 436, 610-12, 614-16, 618, 620.) With an independent agency physician now adopting limitations similar to those Dr. Welly endorsed, along with diagnostic and clinical evidence, there is ample record evidence to support Dr. Welly's sitting, reaching, and fingering limitations. Thus, the ALJ did not cite specific, legitimate reasons for rejecting Dr. Welly's opinion.

Defendant argues that this Court is bound to review the entire evidentiary record and the ALJ's decision as a whole. (Def. Br. at 8-9) Defendant is correct that to ascertain whether substantial evidence supports the ALJ's assertions, this Court must look to the entire record, *Orn*, 495 F.3d at 630, but that does not justify the Court excavating from the ALJ decision an unasserted factual basis for rejecting opinion evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds

invoked by the agency.") The ALJ's rationale with respect to Dr. Welly is not sufficiently specific. It is also based on an inaccurate premise. The ALJ may have cited evidence supporting her conclusions elsewhere in the decision but that is insufficient under the applicable standard. *See id*. at 421–22; *Trevizo*, 871 F.3d at 677 n. 4 ("[W]e rely only on the ALJ's stated bases for rejecting Trevizo's disability claims. Because the ALJ did not provide these explanations herself as a reason to reject Dr. Galhotra's opinion, the district court erred in looking to the remainder of the record to support the ALJ's decision, and we cannot affirm on those grounds.") (citations omitted). The ALJ's general conclusion that diagnostic imaging supports her RFC and not Dr. Welly's opinion is also insufficient. *Trevizo*, 871 F.3d 675-77; *Monroe v. Comm'r of Soc. Sec. Admin.*, No. CV-18-02571-PHX-JAT, 2019 WL 6712055, at *4 (D. Ariz. Dec. 10, 2019) ("The ALJ did not adequately explain why her interpretation of the objective medical evidence was correct, and thus, why Dr. Saunders was incorrect.")

Defendant also relies upon *Lewis v. Apfel*, which held an ALJ did not err by failing to address several specific criteria of a listing at step three, because the ALJ's analysis elsewhere in the record showed the claimant did not meet or equal the listing. 236 F.3d 503, 512-14 (9th Cir. 2001). The Court explained that precedent required the ALJ "to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under [a particular heading.]" *Id*. at 513. But the *Lewis* analysis is distinct because it did not involve the specific legal standard applicable to Dr. Welly's opinion: that the ALJ provide specific, legitimate reasons supported by substantial evidence.[7] *Magallanes*, 881 F.2d at 751. This is important as the Court in *Embrey* held that a generalized reference to objective evidence is insufficient to meet that standard, even where the ALJ provided a summary of the evidence elsewhere in the decision. *Embrey*, 849 F.2d at 421–22.

Finally, the Court notes Defendant also cites *Molina*, where the Court held that the

---

[7] The *Lewis* Court did address the opinion of a treating physician, but the analysis relied upon by Defendant pertains to the step three issue. *Lewis*, 236 F.3d at 517-18.

ALJ's decision should be upheld "if the agency's path may reasonably be discerned[,]" 674 F.3d at 1121. But here, the agency's path is not so easily discernable. The ALJ's statement that there is no record evidence to support the sitting, manipulative, and reaching limitations Dr. Welly assigned is inaccurate, as Dr. Hansen explained (AR. at 762-66,) and there is plenty of record evidence supporting the limitations Dr. Hansen assigned, as herein summarized. Consequently, the ALJ erred.[8]

### B.     Remand for payment of benefits is appropriate

When a reviewing court finds harmful error, "[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). While the court "ordinarily must remand to the agency for further proceedings[,]" *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018)), the Court may in its discretion remand for the payment of benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand[,]" *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Even when those elements are satisfied, the Court may award for additional proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

Here, the credit-as-true elements are satisfied. The Court sees no utility in additional proceedings. The claimant passed away in November 2020 and her date last insured—the date by which disability must be proved—expired approximately six years ago. The ALJ has had several opportunities to question the claimant and the substitute party, and there is

---

[8] Plaintiff argues the ALJ further erred by relying upon evidence outside the evidentiary record to conclude Plaintiff could perform her past relevant work. (Pl. Br. at 12-18.) The Court need not reach this issue or any other potential errors with respect to doctors Hansen and Picard, as the ALJ's error described above warrants remand for payment of benefits.

- 12 -

no indication of outstanding evidence which would necessitate further development of the record. The ALJ has twice failed to properly weigh the opinion evidence, including Dr. Welly's opinion which, if properly credited, would necessitate a finding that Plaintiff is disabled.[9] There is otherwise little doubt as to the claimant's disability as her treating providers and an independent physician have assigned disabling limitations, and these opinions have support in the record. Therefore, this Court hereby remands for the calculation and award of disability benefits.

**IT IS THEREFORE ORDERED reversing** the August 23, 2021 decision of the Administrative Law Judge (720-41) and **remanding** for the calculation and award of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and to close this case.

Dated this 3rd day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[9] At the second remand hearing, the VE testified an individual limited to two hours standing or walking and only four hours of sitting would be incapable of performing full-time work. (AR. at 778.) Dr. Welly limited Plaintiff to two hours standing and walking and two hours sitting. (AR. at 457.)